### EBEL *v.* SAGINAW COUNTY BOARD OF ROAD COMMISSIONERS

RAILROADS—NUISANCE—WARNING SIGNAL—NEGLIGENT MAINTENANCE.

Placement of a railroad warning flasher signal pedestal in the center of a highway pursuant to an order of the Michigan Public Service Commission is not in violation of a state statute regulating the placement and maintenance of crossing signs nor can its maintenance constitute a nuisance.

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 December 2, 1969, at Grand Rapids. (Docket No. 5,418.) Decided January 26, 1970. Application for leave to appeal filed January 31, 1970.

Complaint by Henry J. Ebel against the Board of Saginaw County Road Commissioners, a municipal corporation, New York Central Railroad Company, a foreign corporation, and Grand Trunk Western Railroad Company, a Michigan corporation, for damages resulting from an automobile collision with a road pedestal of a railroad crossing signal. Judgment for defendants. Motion for a new trial denied. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

44 Am Jur, Railroads § 497.
Liability of railroad company for injury or damage due to road vehicles striking signal or warning device installed at crossing. 99 ALR 287.

*Egloff, Mainolfi, Taylor, McGraw & Collison,* for plaintiff.

*Davidson, Chaklos, Jungerheld & Hoffmann,* for defendant Board of County Road Commissioners of County of Saginaw.

*Patrick E. Hackett,* for defendant New York Central Railroad Company.

*Earl C. Opperthauser,* for defendant Grand Trunk Western Railroad Company.

Before: J. H. GILLIS, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM. About 1:30 a. m. on August 18, 1963, plaintiff was a passenger in an automobile driven by his wife. He was injured when that automobile collided with a center-of-the-road pedestal which supported a railroad crossing flasher signal placed and maintained by the defendant railroads pursuant to an order of Michigan Public Utilities Commission dated April 11, 1928.

Plaintiff commenced this action to recover for his injuries on February 17, 1964. It was plaintiff's contention that defendants were jointly negligent in maintaining the center-of-the-road pedestals contrary to CLS 1961, § 469.5 (Stat Ann 1963 Cum Supp § 22.765) and CL 1948, § 469.8 (Stat Ann § 22-.768), and that they were liable for maintaining a nuisance thereby. Pursuant to jury verdict a judgment of no cause of action entered. Plaintiff's motion for new trial was denied, and he appeals from the judgment and denial of the motion for new trial.

CLS 1961, § 469.5 (Stat Ann 1963 Cum Supp § 22-.765) relates to crossbuck signs and has no application to the flasher signals and pedestal involved in this case. The placing of center-of-the-road signals was pursuant to the order of the administrative authority charged with the duty and authority to order the same. We find no statutory violation with regard to the placement or maintenance of the center-of-the-road pedestals, nor can their maintenance constitute a nuisance.

Plaintiff has raised many other alleged errors relating to admission of evidence, instructions requested and not given, and to an instruction given. We have examined each in context with the record. Since plaintiff has failed to maintain his burden of proving a cause of action, none of the alleged errors would be ground for granting appellate relief, GCR 1963, 529.1, and we decline further comment thereon.

Affirmed with costs to defendants.